

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

ANDREW IAN DOUGLASS,

    Plaintiff,

v.

HON. TERESA STANEK REA in her official
Capacity as UNDER SECRETARY OF
COMMERCE FOR INTELLECTUAL
PROPERTY AND DIRECTOR OF THE
UNITED STATES PATENT AND
TRADEMARK OFFICE,

SERVE:    Office of the General Counsel
United States Patent and Trademark Office
Madison Building East
Room 10B20
600 Delaney Street
Alexandria, Virginia 22314

SERVE ALSO: Eric Holder, Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

SERVE ALSO: Neil MacBride, United States Attorney (U.S. P.T.O.)
Eastern District of Virginia
Justin W. Williams United States Attorney's Building
2100 Jamieson Ave
Alexandria, VA 22314

    Defendant.

Civil Action No.: 1 13-cv-829 LO/TRJ

## COMPLAINT

Plaintiff, Andrew Ian Douglass ("Mr. Douglass"), by and through his undersigned counsel, for his complaint against Defendant, the Director of the United States Patent and Trademark Office (the "PTO"), alleges as follows:

1424173v1

## NATURE OF THE ACTION

1. This civil action is brought pursuant to 35 U.S.C. §145 by Mr. Douglass, as he is the Applicant for U.S. Patent Application Serial No. 09/527,507 ("the 09/527,507 Application"), against the Director of the PTO. Mr. Douglass seeks a judgment declaring and ordering that he is entitled to the issuance of a patent for the invention specified in Claims 19-40 of the 09/527,507 Application, which claims are the subject of a final Decision on Appeal by the Patent Trial and Appeal Board ("PTAB") dated May 10, 2013 (the "Decision on Appeal"). A true and correct copy of the Decision on Appeal is attached as Exhibit A hereto.

2. Mr. Douglass has not appealed to the United States Court of Appeals for the Federal Circuit.

3. This action arises under 35 U.S.C. §145 and the Administrative Procedures Act, 4 U.S.C. §§701-706, because Mr. Douglass, as the Applicant for the 09/527,507 Application, is dissatisfied with the decision of the PTAB affirming the PTO's rejection of Claims 19-40 of the 09/527,507 Application in an administrative appeal under 35 U.S.C. §134.

## THE PARTIES

4. Mr. Douglass is a citizen of the United States.

5. Mr. Douglass is the inventor of the 09/527,507 Application, which was filed on March 16, 2000 and is entitled "SYSTEM AND PROCESS FOR VIRTUAL MANAGEMENT OF RISK OF INJURY TO PROPERTY OR CASUALTY." A copy of the 09/527,507 Application is attached as Exhibit B. Mr. Douglass is the holder of all rights, title and interest in the 09/527,507 Application.

6. Defendant Teresa Stanek Rea is the Acting Under Secretary of Commerce for Intellectual Property and the Acting Director of the PTO. The Director is the head of the agency,

charged by statute with providing management supervision of the PTO. Ms. Rea is sued in her official capacity as Acting Director of the PTO.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338 because this is a civil action arising under the laws of the United States and relating to patents, including the United States Patent Act, 35 U.S.C. §1 *et seq.*

8. This Court has authority to review the Decision on Appeal and to authorize and require the Director of the PTO to issue a patent pursuant to 35 U.S.C. §145 for the 09/527,507 Application.

9. Venue is proper in the Eastern District of Virginia pursuant to 35 U.S.C. §145 (as amended by the "America Invents Act" of September 16, 2011) and 28 U.S.C. §1391.

10. The Decision on Appeal for the 09/527,507 Application was mailed on or after May 10, 2013.

11. Pursuant to 37 C.F.R. §1.304(a)(1), which provides that the time for commencing a civil action shall expire sixty (60) days after the mailing of the Decision on Appeal, this Complaint is timely.

## FACTUAL BACKGROUND

12. Mr. Douglass filed the 09/527,507 Application on March 16, 2000. The invention set forth in the 09/527,507 Application is directed to systems and methods for providing insurance services, including the provision of an insurance policy, by way of a web page accessible on the internet in a single session that occurs in real time. The specification in the 09/527,507 Application makes it clear that the web page is one identifying an entity that actually issues an insurance policy (*e.g.*, one or more mutual insurance companies that place their own

3

capital at risk should an event covered by a policy of insurance take place) and is *not* that of a mere insurance broker or insurance agent that does not underwrite insurance but instead brokers or sells insurance underwritten by others. This crucial distinction relating to the 09/527,507 was ignored by the PTO and the PTAB and renders the Decision on Appeal erroneous.

13. Mr. Douglass also submits that additional evidence was provided to both the United States Patent and Trademark Office Examiner on May 3, 2006 during the prosecution of the Application and was made of record in an IDS, and again to the Board of Patent Appeals and Interferences (now the Patent Trial and Appeal Board) as part of the Appeal process, because the Examiner did not deal with or even acknowledge the submitted evidence during the examination process. This evidence was a press release by Intuit Inc./Quicken entitled "Travelers Joins InsureMarket As First Provider of Online Auto Policies" and is dated February 18, 1998. This evidence is such that it raised an issue as to the accuracy of the Examiner's interpretation of prior art evidence from the same entity dated January 1997. Applicant explicitly stated to the Examiner that the February 18, 1998 press release made clear that the January 1997 document cited by the Examiner *could not* have been referring to a real time method as claimed in the Application. The Applicant further called to the attention of the Examiner that because the later October 29, 1999 document cited by the Examiner is not 102(b) prior art (because it was published less than six months before the Application was filed) and did not contradict the February 18, 1998 document, the Examiner's argument was mistaken and erroneous. However, neither the Examiner nor the PTAB ever gave any indication that any consideration was given to this critical evidence submitted by Mr. Douglass. Because this evidence was ignored and disregarded, both the Examiner and the PTAB made errors that render the Decision on Appeal erroneous.

14. On October 18, 2007 the PTO mailed an Office Action ("the Final Office Action") finally rejecting Claims 19-40 of the 09/527,507 Application. A copy of the Final Office Action is attached as Exhibit C.

15. The Final Office Action includes two stated grounds for rejection of the 09/525,507 Application:

1. Claims 18 and 29, together with dependent claims 19-28 and 30-38 were determined to be unpatentable under 35 U.S.C. §112, second paragraph, as containing subject matter which was not described in the specification in such a way as to reasonably convey to one skilled in the relevant art that the inventor, at the time the invention was filed, had possession of the claimed invention.

2. Pursuant to 35 U.S.C. 103(a), certain claims were rejected based upon the following stated grounds:

a. Claims 19-21 are unpatentable under 35 U.S.C. 103(a) over a document entitled "Insuremarket by Quicken" located at www.insuremarket.com in view of "QuickInsurance makes comparison and choices easier with new quotes summary redesign", Business Wire 10/29/99 (hereinafter "the QuickInsurance reference").

b. Claims 22, 24 and 25 are unpatentable under 35 U.S.C. 103(a) over the QuickInsurance references in view of U.S. Patent No. 6,119,093 to Walker (hereinafter "Walker").

c. Claim 23 is unpatentable under 35 U.S.C. 103(a) over the QuickInsurance references in view of U.S. Patent No. 6,272,528 to Cullen *et al.* (hereinafter "Cullen").

   d. Claims 26-28 are unpatentable under 35 U.S.C. 103(a) over the QuickInsurance references in view of U.S. Patent No. 6,343,271 to Peterson *et al.* (hereinafter "Peterson").

   e. Claims 29, 31-32, 35-35, 37 ad 38-40 are unpatentable under 35 U.S.C. 103(a) over the QuickInsurance references in view of Cullen.

   f. Claim 30 is unpatentable under 35 U.S.C. 103(a) over the QuickInsurance references in view of Cullen and further in view of U.S. Patent No. 5,809,478 to Greco *et al.* (hereinafter "Greco").

   g. Claim 33 is unpatentable under 35 U.S.C. 103(a) over the QuickInsurance references in view of Cullen and further in view of Peterson.

   h. Claim 36 is unpatentable under 35 U.S.C. 103(a) over the QuickInsurance references in view of Cullen and further in view of Walker.

  16. The Examiner did not assert that Claims 39 and 40 were determined to be unpatentable under 35 U.S.C. §112, second paragraph, as containing subject matter which was not described in the specification in such a way as to reasonably convey to one skilled in the relevant art that the inventor, at the time the invention was filed, had possession of the claimed invention. In fact, Claims 39 and 40 were drafted using the format of Claims 19 and 29, respectively, as guidance as to the general subject matter to be claimed, but with language that found explicit support in the Specification, Claims Abstract and Drawings of the application as originally filed.

  17. No amendments to the 09/527, 507 Application were filed after the issuance of the Final Office Action.

  18. A Notice of Appeal was timely filed on December 18, 2007.

19. The Brief on Appeal was timely filed on February 15, 2008.

20. A First Examiner's Answer was mailed on June 4, 2008.

21. The Reply Brief on Appeal for the 09/527,507 Application was timely filed on July 17, 2008 and a Supplementary Reply Brief was filed on August 1, 2008.

22. The Reply Brief was noted by the Examiner on October 20, 2008.

23. The First Examiner's Answer was returned to the Examiner by the Board of Patent Appeals and Interferences ("BPAI") with the observation that the Appeal was not ready for docketing because "[a] review of the file indicates that the Examiner's Answer filed June 4, 2008 does not comply with the guidelines provided in MPEP § 1207.02 because it refers, either directly or indirectly, to a prior Office action *without fully restating the point relied upon in the answer.*"

24. A Second Examiner's Answer was mailed on August 3, 2009.

25. A Second Reply Brief was filed on October 5, 2009.

26. The Second Reply Brief was noted by the Examiner on December 30, 2009.

27. An Appeal Docketing Notice was mailed on January 20, 2010 indicating that the Appeal was assigned Appeal No: 2010-002514.

28. The PTAB Decision on Appeal affirming the Examiner was mailed on May 10, 2013.

29. The PTAB's Decision on Appeal affirmed the PTO's final rejection of Claims 19-40 of the 09/527,507 Application.

30. Mr. Douglass has exhausted his administrative remedies and seeks relief from this Court under 35 U.S.C. §145 and 5 U.S.C. §§701 *et seq.*

31. Mr. Douglass is dissatisfied with the Decision on Appeal of the PTAB affirming the PTO's final rejection of Claims 19-40 of the 09/527,507 Application under 35 U.S.C. §103(a) in an appeal under 35 U.S.C. §134.

32. Mr. Douglass is dissatisfied with the Decision on Appeal at least because the PTO as well as the PTAB committed factual and legal error in concluding that Claims 19-40 of the 09/527,507 Application are obvious under 35 U.S.C. §103(a).

33. Mr. Douglass is dissatisfied with the Decision on Appeal because additional evidence will confirm that the obviousness rejection under 35 U.S.C. §103(a) of Claims 19-40 of the 09/527,507 Application was erroneous.

34. The actions, findings, and conclusions of the PTO, including those of the Examiner of the 09/527,507 Application, as well as of the PTAB regarding the alleged unpatentability of Claims 19-40 of the 09/527,507 Application should be set aside at least because those actions, findings, and conclusions are arbitrary, capricious, an abuse of discretion, and/or otherwise not in accordance with law, fail to observe the procedure required by the law, and are unwarranted.

35. Mr. Douglass specifically alleges that the PTO and the PTAB failed to consider evidence supporting the patentability of the process set forth in the 09/527,507 Application that was brought to its attention originally and in connection with the appeal that resulted in the Decision on Appeal.

## CLAIM FOR RELIEF

36. Paragraphs 1-35 are incorporated by reference in their entirety as if fully set forth herein.

1424173v1

37. The conclusions, and the actions and findings underlying the conclusions, by the PTO, including the Examiner of the 09/527,507 Application, as well as the PTAB in the Decision on Appeal that Claims 19-40 of the 09/527,507 Application are obvious under 35 U.S.C. §103(a) are erroneous.

38. Claims 19-40 of the 09/527,507 Application are patentable and satisfy, *inter alia*, 35 U.S.C. §103(a) as well as applicable statutory and regulatory requirements and a U.S. Patent should issue thereon.

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Douglass respectfully requests the following relief:

A. Entry of judgment setting aside and reversing the PTAB's conclusion, and the actions and findings underlying the conclusion in the Decision on Appeal, that Claims 19-40 of the 09/527,507 Application are unpatentable under 35 U.S.C. §103(a).

B. Entry of judgment declaring that Mr. Douglass is entitled to receive a patent for the invention of Claims 19-40 as set forth in the 09/527,507 Application and authorizing and requiring the Director to issue such a patent;

C. Entry of judgment awarding Mr. Douglass such further relief at law and/or in equity as this Court deems just and proper.

                          Respectfully submitted,
                          ANDREW IAN DOUGLASS

By _____
Christopher K. Jones
Virginia State Bar No. 75051
*Attorney for Andrew Ian Douglass*
Morris & Morris, P.C.
11 South 12th Street, Suite 500
Post Office Box 30
Richmond, Virginia 23218
(804) 344-8300 Telephone
(804) 344-8539 Facsimile
cjones@morrismorris.com

-and-

John T. Harding, Esq.
Massachusetts State Bar No. 221270
*Of Counsel*
Morrison Mahoney, LLP
250 Summer Street
Boston, MA  02210
(617) 439-7558 Telephone
(617) 342-4888 Facsimile
jharding@morrisonmahoney.com

1424173v1